## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

DANDRAE JONES,          )
                                 )
           Movant,       )
                                 )
v.                              )     No. 4:14-cv-00889-NKL
                                 )
UNITED STATES OF AMERICA,  )
                                 )
           Respondent.   )

## ORDER

Pending before the Court is Petitioner Dandrae Jones' motion to alter or amend judgment and motion to strike, Docs. 34 and 35. Both motions are denied.

## I.    Background

On February 11, 2010, a federal grand jury returned an indictment charging Jones and his alleged co-conspirators with conspiracy to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. The case against Jones arose out of a cocaine distribution conspiracy in Kansas City, Missouri. On June 30, 2011, following a four day trial, a jury found Jones and his co-defendants guilty of the charged crime. The Court sentenced Jones to 360 months' imprisonment, entering judgment on February 22, 2012. Jones timely filed a notice of appeal. The Eighth Circuit Court of Appeals affirmed Jones' conviction and sentence on January 17, 2013. The Supreme Court denied Jones' writ of certiorari on November 4, 2013.

Subsequently, Jones filed a motion for habeas corpus before this Court pursuant to 28 U.S.C. § 2255, along with motions for leave to conduct discovery and an evidentiary

hearing. The Court denied these three motions on June 22, 2015. Jones raised two primary arguments in his habeas corpus motion. First, he contended that his due process rights were violated when the prosecutor knowingly solicited perjured testimony against him. Second, he argued that he received ineffective assistance of counsel. The Court concluded that the evidence cited by Jones in support of his due process claim was insufficient to implicate his due process rights and that he received a sufficient defense from counsel. As the evidence of the record was sufficient for the Court to rule on Jones' arguments, and the record demonstrated that Jones' claims were frivolous, Jones' motions for leave to conduct discovery and for an evidentiary hearing were denied, and Jones was denied a certificate of appealability. Jones now requests that the Court revisit its ruling.

## II.  Discussion

### A.  Motion for Reconsideration Pursuant to Rule 59(e)

Jones requests that the Court alter or amend the judgment denying his habeas corpus motion pursuant to Federal Rule of Procedure 59(e). "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Holder v. U.S.*, 721 F.3d 979, 986 (8th Cir. 2013).

In his motion, Jones vehemently rehashes the arguments that have already been rejected by the Court.[1] Though he disagrees with the Court's interpretation of the evidence presented against him, he has failed to point to any evidence or legal argument overlooked by the Court in its prior order to demonstrate a manifest error of law or fact. The Court declines to revisit the merits of the evidence which resulted in its prior ruling. [*See* Doc. 30, p. 3-19 (containing a discussion of the merits of Jones' arguments)]. Jones has presented no compelling argument or evidence to suggest that the prosecutor knowingly solicited false testimony against him or withheld evidence relevant to his defense. Moreover, the evidence Jones contests relates largely to issues ancillary to the primary evidence adduced against him which was sufficient to result in his conviction.[2] Jones' arguments in support of his ineffective assistance claim are similarly redundant with the arguments presented in his original habeas motion, and fail to demonstrate that his attorney rendered deficient representation.[3]

---

[1] Jones misunderstands the high bar which must be met before a motion under 28 U.S.C. § 2255 will be granted. He repeatedly asserts that a "jurist of reason could debate" the evidence presented against him and that his claim "accepted as true" would entitle him to relief. This is not the standard by which Jones' due process and ineffective assistance claims are judged. In order to succeed on his claims, Jones would have had to meet the standards set out in the Court's order denying the habeas corpus petition. *See* Doc. 30, at p. 3, 7-8.

[2] Jones takes issue with the lack of citations to the record in the Court's order denying his habeas petition. The Court was not required to provide these citations, nor are such citations relevant to the Court's ultimate conclusions that the government did not present perjured testimony, and even if it had, the evidence had no material effect on Jones' conviction. Jones' parallel argument that the Court was required to make specific findings of fact and conclusions of law in its order is also inaccurate, as Jones cites Rule 52(a), which relates to court orders following bench trials.

[3] Jones makes lengthy new arguments in his motion regarding the adequacy of his attorney's objections to the PSR quantities and the effect of the government's wiretap

3

Jones also contends that he has new evidence for the Court's consideration, consisting of a sworn affidavit from Jones attesting that he never received a copy of the government's suggestions in opposition to Jones' request for discovery and an evidentiary hearing. In order for a Rule 59(e) motion to be granted due to the discovery of new evidence, the movant must be able to show "(1) that the evidence was discovered after the court's order, (2) that the movant exercised diligence to obtain the evidence before entry of the order, (3) that the evidence is not merely cumulative or impeaching, (4) that the evidence is material, and (5) that the evidence would probably have produced a different result." *Williams v. Hobbs*, 658 F.3d 842, 854 (8th Cir. 2011) (quotation omitted). Jones' evidence does not meet this standard. The evidence was not newly "discovered," it was generated by Jones. It could have easily been presented with the initial habeas corpus motion, and is immaterial to the Court's findings in the prior order.

As the Court was able to evaluate and address Jones' claims without development of the record, Jones' motion to alter or amend the judgment is also denied with respect to Jones' motions for discovery and for an evidentiary hearing. As Jones has failed to make a substantial showing of the denial of a constitutional right, the Court will also not issue a certificate of appealability.

---

evidence. These new arguments need not be addressed here, as they should have been raised in the initial habeas petition and do not relate to a "manifest error of law or fact" in the Court's initial order. However, to the extent that these arguments are relevant to the Rule 59(e) motion, the Court concludes that they without merit, as Jones' attorney clearly objected to the information contained in the PSR citing Jones' innocence, and the wiretap evidence does not affect the Court's conclusion that the prosecutor did not fabricate evidence, and any fabrication of the evidence cited had no prejudicial effect on the outcome of Jones' case.

4

**B.      Motion to Strike**

Jones' motion to strike requests that the Court utilize its "inherent powers" to strike the government's suggestions in opposition to Jones' motion for evidentiary hearing and leave to conduct discovery, Doc. 29, from the record.  Jones contends that the suggestions should be stricken because the government failed to serve him with a copy of the suggestions, which was prejudicial to him because the Court relied on the motion in denying Jones' request for discovery and an evidentiary hearing.

Jones has failed to identify anything in the government's suggestions that is inaccurate, scandalous, or procedurally improper.  The suggestions were filed on time and contain a proper response to Jones' motions.  Jones acknowledges that he was mailed a copy of the suggestions by the Court on June 23, one week after they were initially filed.  Given the proper content and filing of the suggestions, and the fact that Jones was provided a copy of the suggestions after filing and has now had a chance to review the document, the Court will not strike the document.

Jones further contends that he was prejudiced by not being permitted to file a reply brief in support of his motion for leave to conduct discovery and motion for an evidentiary hearing.  The Court is not obligated to delay ruling on a motion until the moving party files its reply brief.  Moreover, Jones' habeas corpus petition had already been voluminously briefed and pending for over eight months at the time the Court ruled on the motion simultaneously with the motions for discovery and an evidentiary hearing. The Court did not require an additional brief at that point to be able to accurately evaluate the merits of the motions.

5

### III.    Conclusion

For the reasons set forth above, Jones' motion to alter or amend the judgment and

motion to strike are denied.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  October 13, 2015
Jefferson City, Missouri